## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **THEODORE GLORE** | : | **CIVIL ACTION NO. 15-cv-1410** |
| BOP #04186-089 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **BECKY CLAY, WARDEN** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Theodore Glore ("Glore"). Glore is an inmate in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

## I.
### BACKGROUND

Glore was convicted of violations of 21 U.S.C. § 841. Doc. 1, p. 2. On October 5, 1999, he was sentenced to 276 months incarceration by the United States District Court for the Eastern District of Wisconsin. Doc. 1, p. 1. He appealed to the United States Court of Appeals for the Seventh Circuit, which affirmed his conviction on July 24, 2000. Doc. 1, p. 2. Glore then filed a 28 U.S.C. § 2255, motion to vacate, set aside, or correct his sentence in the Eastern District of Wisconsin. *Id.* He does not state the result of that pleading.

Glore signed and dated the instant habeas petition on April 14, 2015, claiming that pursuant to *Persaud v. United States*, 134 S. Ct. 1023 (2014) and *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), the career criminal enhancement should not apply to his prior convictions. Doc. 1, p. 4.

## II.
### LAW AND ANALYSIS

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here Glore collaterally attacks his incarceration, arguing errors with regard to his federal conviction and challenges the sentence imposed, not the execution of his sentence. Therefore his claim should be advanced in a § 2255 motion to vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief…shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).   A prisoner seeking such relief under the savings clause must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255

motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.*

Glore does not satisfy the criteria set forth above. His reliance on *Persaud* and *Carachuri-Rosendo* is misplaced as the Supreme Court has not made either of the cited cases retroactively applicable on collateral review. The Supreme Court has unequivocally stated "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 662–63 (2001). The Fifth Circuit's recent decision in *Sharbutt v. Vasquez* addressed this issue in regard to *Persaud*. 600 Fed. App'x 251 (5th Cir. 2015) (unpublished). There the court stated that "Sharbutt's contention that *Persaud* . . . stands for the proposition that sentencing enhancements based on ineligible prior convictions are errors amenable to § 2241 relief is unavailing as *Persaud* is not a substantive decision." *Id.* at 252.

Glore's potential arguments regarding the applicability of *Carachuri-Rosendo* face even stronger opposition. The Supreme Court gave no indication that its decision in *Carachuri-Rosendo* should apply retroactively to a case on collateral review. Further, the Fifth Circuit has consistently disallowed claims attacking sentence enhancements under the savings clause. *In re Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011). A claim of actual innocence of a sentencing enhancement "is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under Section 2241." *Bradford*, 660 F.3d at 230; *see also Kinder v. Purdy*, 222 F.3d 209, 213, 214 (5th Cir. 2000) (claim of actual innocence of a career-offender

enhancement is not properly raised in § 2241 petition because petitioner is not claiming actual innocence of crime of conviction, only of the enhancement).

### III.
#### CONCLUSION

Because Glore has not met the savings clause requirements, his claims are not properly brought under § 2241 and this court lacks jurisdiction to consider his claims under § 2255. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause.

Accordingly,

**IT IS RECOMMENDED** that the petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 30th day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE